**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

AMINE MEHL and AICHA CHAMAR,

            Plaintiffs,

vs.                                                   Case No. 3:09-cv-662-J-32TEM

EQUIFIRST CORP., et al.,

            Defendants.

**ORDER**

This case is before the Court on defendants' Equifirst Corporation and Sutton Funding LLC's Motion to Dismiss Amended Complaint (Doc. 8) and defendant Quantum Servicing Corporation's Motion to Dismiss (Doc. 20). The Court also has under consideration whether this case should be referred to the Jacksonville Bar Association's voluntary mediation program for homeowners facing foreclosure.

Understandably, plaintiffs, who are proceeding pro se, have been unable to correctly allege their claims in the Amended Complaint. Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to set forth "a short and plain statement of the claims showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Furthermore, Rule 10(b) of the Federal Rules of Civil Procedure requires the pleader to set forth its claims in numbered paragraphs, and, if necessary for clarity, to separate claims into counts. See Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). Here, plaintiffs have failed to follow these basic pleading rules; therefore, the Amended Complaint

must be dismissed.  However, plaintiffs will be given leave to file a second amended complaint to correct these deficiencies[1].

The Court inquired of the parties whether referral to the Jacksonville Bar Association's voluntary foreclosure mediation program would be appropriate.  Plaintiffs have said yes, while defendants Equifirst Corporation and Sutton Funding LLC say no because they no longer hold or service either the first or second loans which are the subject of this case.  However, plaintiffs allege that Sutton Funding, LLC is bringing a state court foreclosure action based on these loans.  To determine whether referral to the Jacksonville Bar Association's mediation program is appropriate, the Court requests that the attorneys for defendants identify the current owner and holder of the notes and mortgages at issue and whether any foreclosure action has been filed.  If so, the foreclosure action should be identified by name and case number.  Once the Court receives this information, it will determine whether to stay this action and refer this case to mediation.  It is hereby

**ORDERED:**

1.    Defendant Equifirst Corporation and Sutton Funding, LLC's Motion to Dismiss Amended Complaint (Doc. 8) and defendant Quantum Servicing Corporation's Motion to Dismiss (Doc. 20) are **GRANTED** and plaintiffs' Amended Complaint (Doc. 6) is **DISMISSED** with leave to file a second amended complaint.  However, plaintiffs need not file their second amended complaint until the Court determines whether to refer this case to the mediation

---

[1] In their motions to dismiss, defendants also raise substantive legal issues that they say require dismissal of the complaint with prejudice.  The Court does not reach the substantive issues in this Order.

program.

2.      **No later than October 8, 2010**, defendants Equifirst Corporation, Sutton Funding, LLC, and Quantum Servicing Corporation should file a notice with the Court identifying the current owner and holders of the notes and mortgages at issue as well as identifying information concerning any foreclosure action that is currently pending or which has concluded.

3.      Pursuant to the Jacksonville Division Civil Pro Bono Appointment Program, the Court has determined that the appointment of a lawyer for plaintiffs is appropriate. Craig D. Feiser, Esquire and Michael M. Giel, Esquire are appointed as counsel for plaintiffs. Appointed counsel should promptly acknowledge this appointment by filing a notice of appearance and beginning the representation. Pursuant to the cost reimbursement program, appointed attorneys are permitted to be reimbursed for certain costs incurred during the representation. The procedure for obtaining reimbursement is available on the Court's website: www.flmd.uscourts.gov.  New counsel should confer with counsel for the defendants and file, **no later than October 29, 2010**, appropriate pleadings.  The Court appreciates the service of pro bono counsel.

**DONE AND ORDERED** in Jacksonville, Florida, this 16th day of September, 2010.

TIMOTHY J. CORRIGAN
United States District Judge

md.
Copies to:
Counsel of Record
Pro Se Parties
Craig D. Feiser, Esquire
Michael M. Giel, Esquire